## JOHN PIGG v. JOHN J. JORDAN.

[Abstract Kentucky Law Reporter, Vol. 7—372.]

**Right to Redeem Real Estate.**

Where several acres of P's land were sold at commissioner's sale to J, who executed his bonds for the purchase-money and at the time of the sale gave P a written contract agreeing that if he would pay off the bonds at or before twelve months from the day of sale he should have the land back, it is held where P failed to pay such bonds that he could not successfully assert any claim to such land.

APPEAL FROM LAWRENCE CIRCUIT COURT.

November 7, 1885.

OPINION BY JUDGE PRYOR.

By a judgment of the Lawrence Circuit Court nine acres and a fraction of the land of the appellant, Pigg, were sold by the commissioners and purchased by the appellee, Jordan, at the price of $1078, for which Jordan executed his bonds in compliance with the terms of sale.

At the time of the sale the appellee, Jordon, gave to Pigg, the original owner, a writing containing substantially this agreement: He agreed to give Pigg the right to redeem the land at or before the expiration of twelve months from the date' of sale, by Pigg's paying off and discharging the sale bonds with the interest; and if this was done the title acquired by Jordan was to pass to Pigg,

or, in other words, Pigg again became the owner of the land. On the day the sale bonds fell due no payment was made by Pigg or offered to be made, the same falling due in twelve months from the day of sale and they were taken up by Jordan, the sale confirmed and a deed made him in accordance with his purchase. No tender was ever made by the appellant, Pigg, of the money, either on the day the sale bonds fell due or afterwards, but Jordan entered into the possession; and after more than five years had elapsed from the date of Jordan's purchase and after the latter had been in the actual possession and had obtained his deed, the present petition in equity was filed by Pigg maintaining his right to redeem under the agreement and asking the chancellor to give him that relief.

One of the grounds relied on is that Jordan had violated his agreement in paying off the sale bonds and having the sale confirmed and deed made at his instance; that appellant under the agreement had all the day in which the bonds fell due to comply with his undertaking. This may be true, but Jordan, being the purchaser, was compelled to pay this money as he had agreed to do, and we find nothing in this record showing that appellant was ready and offered to comply either on the day the bonds matured or the day following, or any other time. In fact there was no undertaking by the appellant to do anything under the written promise made by Jordan. Jordan was an entire stranger to the proceedings under which the sale was made, and when made he promised the appellant that if he would pay off the bonds at maturity or within twelve months he might have his land back.

Jordan could not have compelled performance by Pigg, and the latter in the exercise of his own judgment or perhaps for the want of means failed to accept the offer by Jordan in paying the money when due, or in offering to pay it. While under the facts of the case the chancellor could have compelled performance by the appellee, as the raising of the money and the offer to pay would have constituted a sufficient consideration, still when the time expired the right of redemption was gone. Jordan did not occupy the position of a creditor who was giving further indulgence, or of a creditor loaning his money to the debtor or a purchaser in trust for the appellant. He purchased in good faith for himself, giving to the appellee the right to be substituted in his room, if he paid the money when due. There was no lien on the part of Jordan for any

money advanced, for he had advanced none, and the only right the appellant acquired was the right of accepting the voluntary promise of the purchaser that he might be substituted in his place if he would take up the bonds or pay the money. He has done neither, nor offered to comply, and a court of conscience will not listen to his claim.

In *Southard v. Pope's Exr.*, 29 B. Mon. (Ky.) 261, an extension of the time for redemption was given in a case when the party had the right to redeem. This court held "that the purchaser derived no advantage from the indulgence. It is intended exclusively for the benefit of the other party, and the omission to redeem rendered the purchase absolutely irredeemable."

In this case the appellant had no right even to redeem, but the purchaser volunteers to say to him, "If you will pay these sale bonds when due, you can have your land." This was of no benefit to the purchaser, but certainly the latter had the right to expect, and such was the effect of his promise, that the appellant would relieve him from liability by taking up his bonds. This he failed to do, but compelled appellee to respond to the order of the court by paying the purchase-money, and having done so he was entitled to his deed.

This was the legal effect of the undertaking by the appellee and such was the manifest intention of both of these parties. After the location and the construction of a railroad to the town near which the land was located and when property had risen in value and much of the land sold for lots by the appellee at an enhanced price, then, after a period of four years from the time the appellee had entered, and for the first time, the appellant seems to have recognized the existence of the obligation on the part of the appellee to reconvey this property upon the payment of the money, and treating his claim as a mere lien for the purchase-money asked that the appellee be compelled to account for the proceeds of that part of the land sold, and a surrender of the remainder to the appellant after satisfying the appellee for the amount of his purchase. He has no right in law or equity to make such a demand.

The judgment below is therefore *affirmed.*

*Alexander Tackey, Wm. N. Fulkerson, for appellant.*

*L. T. Moore, W. C. Ireland, R. T. Burns, for appellee.*